USCA1 Opinion

 

 May 6, 1993 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ___________________________ No. 93-1316 IN RE TRUSTEES OF BOSTON UNIVERSITY, Petitioners. ___________________________ ON PETITION FOR WRIT OF PROHIBITION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] ___________________ ___________________________ Before Selya, Circuit Judge, _____________ Feinberg,* Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ ___________________________ Alan D. Rose, with whom Charles R. Parrott, Matthew D. ______________ ___________________ __________ Poppel, Nutter, McClennen & Fish, Michael B. Rosen, and Dennis C. ______ ________________________ ________________ _________ Hart were on brief, for petitioners. ____ Dahlia Rudavsky, with whom Ellen J. Messing and Shilepsky, _______________ _________________ __________ Messing & Rudavsky, P.C. were on brief, for respondents. ________________________ _________________________ _________________________ _______________ *Of the Second Circuit, sitting by designation. Per Curiam. The trustees of Boston University petition Per Curiam. __________ for issuance of a writ of prohibition which, if granted, would vitiate two district court orders concerning the production of a document. We temporarily stayed the orders, expedited appellate proceedings, ordered the district court to inspect the document in camera, received both the district court's findings and the __ ______ disputed document, and entertained oral argument. We now decline to issue the requested writ and dismiss the petition. We need not wax longiloquent. It suffices to say that writs of mandamus and prohibition we use the terms interchangeably "are drastic remedies" that "must be used sparingly and only in extraordinary situations." In re Pearson, ______________ No. 92-2158, slip op. at 4 (1st Cir. Mar. 16, 1993). Among other things, the writ-seeker must establish a "clear and indisputable" right to the relief requested. Bankers Life & Cas. Co. v. __________________________ Holland, 346 U.S. 379, 384 (1953) (quoting United States v. _______ ______________ Duell, 112 U.S. 576, 582 (1899)). In effect, a petitioner must _____ show "that the challenged order is palpably erroneous." Pearson, _______ slip op. at 6. We apply this high standard with particular vigilance to orders such as the one at issue here because, as we have repeatedly cautioned, "[i]nterlocutory procedural orders . . . rarely will satisfy this precondition for mandamus relief." In __ re Recticel Foam Corp., 859 F.2d 1000, 1006 (1st Cir. 1988). ________________________ After all, "[d]ecisions regarding the scope of discovery . . . and the protections to be afforded parties in the discovery process, are ordinarily left to the informed judgment of the 3 district judge . . . ." Id. ___ In this case, we have examined the petitioners' claim of attorney-client privilege in light of the record, the parties' arguments, the disputed document itself, the district court's specific findings, and the applicable law. We are firmly convinced that the district court's turnover order is not palpably erroneous. Thus, the petition falls squarely within the generality of the aforestated rule, not within the long-odds exception to it. The petition for issuance of a writ of prohibition is The petition for issuance of a writ of prohibition is _______________________________________________________ denied and dismissed, the stay previously issued is dissolved, denied and dismissed, the stay previously issued is dissolved, _________________________________________________________________ and the case is remitted to the district court for further and the case is remitted to the district court for further _________________________________________________________________ proceedings. Mandate shall issue forthwith. Costs in favor of proceedings. Mandate shall issue forthwith. Costs in favor of ___________ ______________________________ __________________ respondents. respondents. ___________ 4